RECEIVED
AUG 3 0 2001
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

RECEIVED
01 AUG 30 AM 9:13
CLERK U.S. DIST. COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charlene M. Johnson,

Plaintiff,

v.

Moundsvista, Inc., a Minnesota corporation, a/k/a Mermaid, Inc., a/k/a Mermaid Supper Club,

Defendant.

Case File No. 01-CV915
Case Type: Employment

**STIPULATION TO AMENDMENT OF COMPLAINT**
AND ORDER

It is stipulated and agreed between the attorneys for the respective parties in this matter that the Plaintiff is allowed to file her amended complaint. The Defendants acknowledge service of the amended complaint on August 16, 2001. The Defendant agrees that it will serve its amended answer to the amended complaint within twenty days.

Dated: 8/15/01

LAW OFFICES OF
SONJA DUNNWALD PETERSON

Sonja D. Peterson
Sonja Dunnwald Peterson, #169249
Attorney for Plaintiff
1150E Grain Exchange Building
412 South Fourth Street
Minneapolis, MN 55415
(612) 347-0043

Dated: 8/27/01

WARCHOL BERNDT & HAJEK, P.A.

Roger E. Meyer
Robert J. Hajek, #39512
Roger E. Meyer, #249890
Attorneys for Defendant
Suite 110
3433 Broadway Street N.E.
Minneapolis, MN 55413-3211
(612) 331-4211



FILED AUG 31 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

Based on the stipulation by counsel,

IT IS ORDERED pursuant to Fed. R. Civ. P. 15(a), that Plaintiff is given leave to file her amended complaint.

Dated: 8/31/01

BY THE COURT

~~Donovan W. Frank~~ Arthur J. Boylan
U.S. ~~District Court~~ MAGISTRATE Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charlene M. Johnson,

Plaintiff,

v.

Moundsvista, Inc., a Minnesota corporation, a/k/a Mermaid, Inc., a/k/a Mermaid Supper Club,

Defendant.

Court File No. 01-CV915 (DWF/AJB)

Case Type: Employment

**AMENDED COMPLAINT**

Comes now the Plaintiff, Charlene M. Johnson, and through her attorney, Sonja Dunnwald Peterson, Esq., 1150E Grain Exchange Building, 412 South Fourth Street, Minneapolis, MN 55415, alleges the following for her cause of action against the Defendant:

JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by Plaintiff's Complaint.

NATURE OF ACTION

This is an action brought under the Americans with Disabilities Act, the Minnesota Human Rights Act, the Family Medical Leave Act and Minnesota common law, to correct unlawful employment practices perpetrated by the Defendant, and to provide appropriate relief to the Plaintiff who was adversely affected by such illegal practices.

JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1332(a)(1), 1337, 1343, and 1441. This action is authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617(a)(2); the Americans with Disabilities Act, 42 U.S.C. § 12117;

Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(2); the Minnesota Human Rights Act, Minn. Stat. § 363.14, subd. 2; and Minnesota common law.

2.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

3.

On June 6, 2001, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and an amended charge on July 31, 2001, alleging violations of Title I of the Americans with Disabilities Act by the Defendant. The EEOC issued a Notice of Right to Sue to the Plaintiff on or about August 10, 2001. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS

4.

Plaintiff Charlene M. Johnson (hereinafter "Plaintiff") is a resident of Ramsey County, Minnesota.

5.

Defendant Mermaid Supper Club is a restaurant located in Ramsey County, Minnesota, that is owned and operated by Defendant Moundsvista, Inc., a Minnesota corporation. On information and belief, Mermaid, Inc. is the assumed name of Moundsvista, Inc.

6.

The Plaintiff worked for the Defendant at the Mermaid Supper Club from on or about November of 1999 to on or about May 4, 2001, when the she was wrongly terminated by the Defendant.

7.

Plaintiff's work performance with the Defendant was acceptable or better at all times material hereto.

8.

In or about July of 2000, Plaintiff was diagnosed with Hepatitis C, a serious form of liver disease.

9.

Plaintiff's Hepatitis C causes her to suffer severe pain in her stomach, diarrhea, and fatigue, and can lead to cirrhosis of the liver and liver cancer. Thus, Plaintiff's disability materially limits one or more major life activities.

10.

In or about August, 2000, Plaintiff informed Defendant's management of her medical condition, and that she may need to take intermittent sick leave from time to time to recover from her hepatitis attacks.

11.

Throughout Plaintiff's employment at the Mermaid Supper Club, Defendant failed to post a Family Medical Leave Act ("FMLA") notice in a conspicuous place in its premises.

12.

The Defendant subjected the Plaintiff to adverse employment action based upon her disability and upon her use of FMLA sick leave. This includes, but is not limited to the following:

a. On or about March 30, 2001, the Defendant held a staff meeting and disclosed the Plaintiff's private confidential medical information to all members of its staff.

b. In or about early April, 2001, in the presence of other Mermaid Supper Club staff, Defendant manager Dan Hall loudly asked the Plaintiff, "When are the treatments going to start?"

c. On or about April 10, 2001, Defendant reduced Plaintiff's hours from six hours a day five days a week, to three hours a day five days a week. Plaintiff was told by Defendant's management that her hours were being reduced because of her medical condition. However, Plaintiff does not need nor did she request a reduced hours schedule. Plaintiff informed Defendant of this, yet Defendant refused to resume her previous work schedule.

13.

On or about April 26, 2001, Plaintiff's counsel informed the Defendant that Plaintiff opposed Defendant's discriminatory practices.

14.

The Defendant then subjected the Plaintiff to adverse employment action based upon her opposition to its discriminatory practices. This includes, but is not limited to the following:

a. On or about Friday, April 27, 2001, Plaintiff checked her schedule on the Defendant's staff bulletin board in the back hallway for the week of April 29 through May 5, 2001. She noted that for the next week, she was only scheduled to work on Friday, May 4th at 5 p.m. and Saturday, May 5th at 11 a.m. Because her hours were reduced again to only two days at the end of the week, Plaintiff went out of town for a short vacation, and planned to return to work on May 4th at 5 p.m.

b. Subsequent to posting the April 29 - May 5 schedule on the staff bulletin board in the back hallway, Defendant changed the schedule. Defendant changed Plaintiff's work hours so she was scheduled to work Thursday, May 3rd at 5 p.m. and Friday, May 4th at 11

a.m. and Saturday, May 5th at 5 p.m. Nevertheless, Defendant never contacted the Plaintiff nor her family at her home to inform her of the schedule change.

c. When Plaintiff called into work on Friday afternoon, May 4th, she was informed for the first time that she had been scheduled to work on Thursday and Friday morning.

d. On or about May 5, 2001, Plaintiff went to Defendant Mermaid Supper Club to pick up her paycheck. Defendant's management then handed her a termination notice, dated May 4, 2001, terminating her allegedly for her absences on May 3rd and 4th.

e. This purported rationale for Plaintiff's termination is a pretext for the Defendant's discriminatory conduct. The Defendant intentionally changed the Plaintiff's work hours without informing the Plaintiff, with the intent of fabricating a potential unexcused absence. Furthermore, Defendant has been much more lenient with other employees with unexcused absences, and has not terminated all other employees with unexcused absences.

15.

Plaintiff has suffered economic loss, severe emotional distress, appreciable physical injury, personal and professional humiliation, and loss of personal and professional reputation as a result of the Defendant's illegal actions.

COUNT ONE

ACTIONS FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

16.

Plaintiff alleges and incorporates by reference herein the allegations in paragraphs 1 through 15.

17.

The conduct of the Defendant, its officers, managers and agents during the course of Plaintiff's employment constitutes disability discrimination in violation of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(2).

COUNT TWO

ACTIONS FOR VIOLATIONS OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff alleges and incorporates by reference herein the allegations in paragraphs 1 through17.

18.

The conduct of the Defendant and its officers, managers, supervisors and agents during the course of Plaintiff's employment, constitutes disability discrimination in violation of the Minnesota Human Rights Act, Minn. Stat. § 363.03, subd. 1(2) (b) and (c).

19.

The conduct of the Defendant and its officers, managers, supervisors, and agents during the course of Plaintiff's employment constitutes reprisal discrimination in violation of Minn. Stat. § 363.03, subd. 7.

COUNT THREE

ACTIONS IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

Plaintiff alleges and incorporates by reference herein the allegations in paragraphs 1 through 19.

20.

The conduct of the Defendant and its officers, managers, supervisors and agents during the course of Plaintiff's employment constitutes interference, restraint, or denial of Plaintiff's Family Medical Leave Act ("FMLA") rights and discrimination against the Plaintiff for opposing Defendant's unlawful FMLA practices and giving information about her FMLA medical condition in violation of 29 U.S.C. § 2615(a) and (b).

21.

This Court has jurisdiction over Plaintiff's FMLA claim pursuant to 29 U.S.C. § 2617(a)(2).

COUNT FOUR

ACTIONS IN TORT

Plaintiff realleges and incorporates by reference herein the allegations in paragraphs 1 through 21.

22.

The conduct of the Defendant and its managers, supervisors, and agents during the course of Plaintiff's employment, constitutes an intentional, willful, wanton, malicious and outrageous infliction of emotional distress.

23.

The conduct of the Defendant and its managers, supervisors, and agents during the course of Plaintiff's employment, constitutes negligence per se.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants for damages in an amount to be determined at trial, which constitutes an amount in excess of $75,000, including but not limited to damages allowed by 42 U.S.C. §§ 1981a, 2000e-5(g), and 12117, and 29 U.S.C. § 2617(a)(1); and Minn. Stat. § 363.071, subd. 2, and a judgment enjoining the Defendant from engaging in unlawful employment practices; and awarding equitable relief, economic loss, compensatory damages, emotional harm damages, personal humiliation damages, pain and suffering damages, damage to reputation, punitive damages, attorney's fees, costs, interest, and disbursements, plus such other and further relief as the Court deems necessary and proper.

Dated: Aug 15, 2001

LAW OFFICES OF
SONJA DUNNWALD PETERSON

Sonja D. Peterson

Sonja Dunnwald Peterson, #169249
Attorney for Plaintiff
1150E Grain Exchange Building
412 South Fourth Street
Minneapolis, MN 55415
(612) 347-0043

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500