UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charlene M. Johnson,

Plaintiff,

v.

Moundsvista, Inc., a Minnesota corporation, a/k/a Mermaid, Inc., a/k/a Mermaid Supper Club,

Defendant.

Court File No. 01-CV915 (DWF/AJB)

**STIPULATION & PROTECTIVE ORDER**

It is stipulated and agreed between the parties hereto, through their respective counsel, that all discovery conducted in this action be subject to the attached Protective Order.

It is further stipulated and agreed that this Stipulation together with the attached Protective Order may be presented to the Court for entry without hearing or appearance by counsel.

Dated: 12/15/01

LAW OFFICES OF
SONJA DUNNWALD PETERSON

Sonja Dunnwald Peterson, #169249
Attorney for Plaintiff
1150E Grain Exchange Building
412 South Fourth Street
Minneapolis, MN 55415
(612) 347-0043

Dated: 12/17/01

WARCHOL BERNDT & HAJEK, P.A.

Robert J. Hajek, #39512
Roger E. Meyer, #249890
Attorneys for Defendant
Suite 110
3433 Broadway Street N.E.
Minneapolis, MN 55413-3211
(612) 331-4211

DEC 28 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Charlene M. Johnson,

Plaintiff,

vi.

Moundsvista, Inc., a Minnesota corporation, a/k/a Mermaid, Inc., a/k/a Mermaid Supper Club,

Defendant.

---

Court File No. 01-CV915 (DWF/AJB)

**PROTECTIVE ORDER**

The above-entitled action came before the undersigned on the parties' motion for a protective order. Based upon all of the records and files herein,

IT IS HEREBY ORDERED:

1. Until further order of the Court or stipulation of the parties, any discovery regarding the Defendant's personnel data, including but not limited to information regarding Defendant's personnel data contained in answers to interrogatories, responses to requests for production of documents, responses to requests for admissions, and/or deposition testimony, shall be subject to this Order.

2. All such discovery covered by this Order shall not be given, shown, made available, or communicated in any way to anyone other than:

   a. The attorneys of record for the Defendants and the attorneys' office staff who must be shown the information for the purposes of this litigation;

   b. The Plaintiff;

   c. The Court, if required in any further proceeding herein; and

   d. Outside consultants and experts retained by the parties for the purpose of assisting in preparation for trial or settlement.

3. Before making disclosure of this discovery to the Plaintiff, and/or outside consultants and experts retained for the purpose of assisting in the preparation for trial or settlement, agreement in writing (per the form attached as Exhibit A) must be obtained from these individuals, reciting that they have read a copy of this Protective Order and agree to be bound by its provisions. If the Court requires that the identity of outside experts and consultants be disclosed, a copy of all agreements to be bound which have been executed by such persons shall be furnished to the parties upon request.

4. No discovery covered by this Order shall be used or communicated by any person receiving it for any purpose whatever other than preparation for trial or settlement of this matter.

5. There shall be no reproduction whatsoever of such discovery except that, as required in the litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials subject to this Order.

6. Discovery required to be filed with the Court shall be sealed by the Court Administrator and shall be available for inspection only by the Court and by those persons authorized by this Order to receive discoverable information.

7. The parties, in producing documents in this action which contain extremely sensitive information of a non-public nature, may designate such documents as "Confidential," which documents shall be so marked.

8. In responding to written discovery directed to a party, the party may designate any portion of its response which contains extremely sensitive information of a non-public nature as "Confidential."

9. In any deposition, the parties may designate any testimony deemed to be confidential by advising the reporter of such fact. The reporter shall separately transcribe those

portions of the testimony so designated, shall mark the face of the transcript accordingly, and shall file the transcript under separate cover with the attorney of record who took the deposition.

10. Information designated as confidential may be referred to by the parties in notices, motions, briefs, or any other pleadings, may be used in depositions and may be marked as deposition exhibits in this action. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under seal with the Court.

11. The inadvertent or unintended disclosure by the supplying party of confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part by the supplying party's claim of confidentiality.

12. Within sixty (60) days of the final termination of this action, including all appeals, each attorney of record shall be responsible for returning to the opposing attorney of record the original and copies of all documents which contain information provided during the course of discovery, including all excerpts and summaries thereof, except that each attorney of record may retain all memoranda and correspondence derived from discovered information for purposes of keeping a legal file. Despite final termination of this action, this Order shall continue to apply to all discovery covered by this Order.

13. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper.

Dated: 12/28/01

BY THE COURT

Arthur J. Boylan
United States Magistrate Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in Charlene M. Johnson v. Moundsvista, Inc., File 01-CV915 (DWF/AJB), which is attached hereto as Exhibit 1, has read this Protective Order, and agrees to be bound by all of the provisions thereof.

Dated: ____________________

______________________________________
(Signature)

______________________________________
(Printed name)__________________________

Subscribed and sworn to before me
this ____ day of _________, 2002.

_________________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01